**U.S. DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSUE ROMERO, on behalf of himself and others similarly situated, | **Case No. 1:20-cv-09215 (AJN)** |
| Plaintiffs, | NOTICE OF MOTION TO DISMISS |
| v. | (Oral Argument Requested) |
| 88 ACRES FOODS, INC., | Hon. Allison J. Nathan |
| Defendant. | |

PLEASE TAKE NOTICE that Defendant 88 Acres Foods, Inc. ("88 Acres"), a corporation operating in Massachusetts, moves this Court for an Order dismissing Plaintiff Josue Romero's Complaint for lack of personal jurisdiction and for failing to state a cause of action. The alleged claims state facts showing that Defendant is not subject to personal jurisdiction in this Court pursuant to New York's long-arm statute, and the exercise of jurisdiction over 88 Acres Foods, Inc. would violate federal due process requirements.

Page 1

Oral argument is requested to be scheduled at or before the pre-trial conference scheduled for February 5, 2021, before the Honorable Allison J. Nathan, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, via telephone or video conference.

The Memoranda of Points and Authorities, the Declaration of Robert Dalton, and a Request for Judicial Notice are attached hereto.

Dated:  January 25, 2021                                    /s/ Nicholas Ranallo

                                                            Nicholas Ranallo
                                                            5058 57th Ave. South
                                                            Seattle, WA 98118
                                                            New York Bar No. 4620985

                                                            /s/ J. Curtis Edmondson
                                                            J. Curtis Edmondson
                                                            2660 SE 39th Loop, Unit D
                                                            Hillsboro, OR  97123
                                                            Oregon Bar No. 190536
                                                            Pro Hac Vice to be filed

                                                            *Attorneys for Defendant 88 Acres, Inc.*

Page 2

**U.S. DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSUE ROMERO, on behalf of himself and others similarly situated, | **Case No. 1:20-cv-09215 (AJN)** |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM |
| v. | |
| 88 ACRES FOODS, INC., | Hon. Allison J. Nathan |
| Defendant. | |

Defendant 88 Acres Foods, Inc. ("88 Acres") moves this Court to dismiss Plaintiff Josue Romero's ("Romero") Complaint (Dckt 1) for lack of personal jurisdiction and for failing to state a cause of action under the federal pleading standards of *Twombly/Iqbal*.

## I.   SUMMARY

Defendant 88 Acres is a food manufacturer based in Massachusetts.  It has no corporate offices in New York, it has no employees in New York, and it operates no manufacturing facilities in this state.  88 Acres only "presence" in New York is a website.  These contacts are insufficient under *I-Shoe* for this Court to have personal jurisdiction over defendant.

Further, 88 Acres does not have a retail outlet.  Only companies with websites that have retail outlets are subject to the provisions of the ADA.  As Romero has failed to plead that 88 Acres has a retail outlet, the Complaint fails as a matter of law.

88 Acres respectfully requests dismissal of this Complaint.

## II.   FACTUAL BACKGROUND

88   Acres   is   a vegan food company   startup   founded   in 2016 by Nicole Ledoux and President Rob Dalton. (Dalton Decl, ¶ 1).  88 Acres makes a line of foods that based on the nutritional benefits of seed nuts.  88 Acres sells a line of nutritious seed bars, "Spiced Cranberry   Orange"   and   "Triple   Berry   Blend",   a   line   of   seed   butters, such as "Dark Chocolate Sunflower". *Id.* at ¶   2.   88   Acres   operates   a   test   bakery   in Dorchester, Massachusetts.  *Id*.

88 Acres' products, after development in their test bakery, are manufactured and sold to distributors and retailers. *Id.*

On November  3,  2020, Romero  filed  a Complaint  for  violations  of  the  American Disabilities  Act  (ADA)  and  related  state  law  claims. (Dckt 1.) Romero purports to represent a class of individuals.  Romero has filed approximately 100 nearly identical actions in this district in the last two months. (See RJN, Pacer printout).

Romero's claim is that the 88 Acres website (www.88Acres.com) does not conform to the ADA standards for website access. (Dckt 1, pg. 25.)

On January 24, 2021, 88 Acres moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction and for failing to state a cause of action under *Twombly/Iqbal*. See, *Plair v. City of N.Y.*, 789 F.Supp.2d 459, 469 (S.D. N.Y. 2011) "it is now clear that such boilerplate claims do not rise to the level of plausibility."

## III.   ARGUMENT

### A.   **88 Acres is a Massachusetts Company with no significant contacts for this Court to assert personal jurisdiction under *International Shoe vs. State of Washington*, 326 U.S. 310 (1945).**

To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has "certain minimum contacts" with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances. *See, e.g., Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). "Once a defendant has raised a jurisdictional defense on a Rule 12(b) motion to dismiss, the plaintiff bears the burden of proving sufficient contacts with the relevant forum to establish jurisdiction over each defendant." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012). It is well-established that "in deciding a pretrial motion to dismiss for lack of jurisdiction a district court has considerable procedural leeway" and it "may determine the motion on the basis of ... affidavits alone." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (citation omitted).

To determine whether it may exercise personal jurisdiction over a non-domiciliary, a district court engages in a two-part analysis. First, the court determines whether jurisdiction exists

Page 2

under the law of the forum state. New York law recognizes two types of personal jurisdiction over a non-domiciliary: general personal jurisdiction and long-arm personal jurisdiction. *Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular. Inc.,* No. 05 Civ. 9994 (KMW), 2007 WL 747807, at *2 (S.D.N.Y. Mar. 9, 2007). The "traditional bases" for general personal jurisdiction include, for example, "physical presence, consent, domicile, or business activity." *Id.* Long-arm jurisdiction exists where the non-domiciliary engages in one of the activities enumerated in the long-arm statute, such as transacting business within New York, and the cause of action arises out of that activity. *See* C.P.L.R. § 302(a); *see also Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 246 (2d Cir.2007); *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 103 (2d Cir.2006). A defendant "transacts business" in New York for purposes of the long-arm statute when he "purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its law." *Family Internet, Inc. v. Cybernex, Inc.,* No. 98 Civ. 0637(RWS), 1999 WL 796177, at *5 (S.D.N.Y. Oct. 6, 1999) (internal quotations omitted); *see also, Best Van Lines,* 490 F.3d at 246.

Second, even if state law allows for the exercise of personal jurisdiction over a non-domiciliary, the court must also determine whether the exercise of jurisdiction under state law would satisfy federal due process requirements. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999); *Big Apple Pyrotechnics, supra,* 2007 WL 747807, at *2. "Due process requires that a non-resident defendant have 'certain minimum contacts [with the forum] ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Marsalis v. Schachner,* No. 01 Civ. 10774 (DC), 2002 WL 1268006, at *4 (S.D.N.Y. June 6, 2002) (quoting *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 241 F.3d 145, 152 (2d Cir.2001)).

### 1. <u>Personal jurisdiction over 88 Acres does not exist under New York law</u>.

88 Acres is not subject to general personal jurisdiction under New York law because it is not domiciled in New York, has no physical presence in New York, and does not generally conduct business in New York. *See*, *Big Apple Pyrotechnics*, *supra*, at *2. Rather, 88 Acres is a Delaware corporation with its principal place of business in Allston, Massachusetts. (Dalton Decl, ¶ 3.)  Further, 88 Acres does not operate any retail stores in New York, nor have any employees there. (Dalton Decl, ¶ 4.) Therefore, 88 Acres is not subject to general jurisdiction in New York.

Similarly, 88 Acres is not subject to personal jurisdiction pursuant to New York's long-arm statute because 88 Acres does not engage in any of the activities enumerated in the statute. *See* C.P.L.R. § 302(a). The simple act of owning and operating a website that can be accessed in New York does not create a substantial connection with New York pursuant to New York's long-arm statute. Indeed, it is "now established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit." *National Football League v. Miller,* No. 99 Civ. 11846 (JSM), 2000 WL 335566 *2 (S.D.N.Y. March 30, 2000) (citing *Bensusan Restaurant Corp. v. King,* 126 F.3d 25 (2d Cir.1997).

 "It stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred or was actively sought." *Freeplay Music, Inc. v. Cox Radio, Inc.,* No. 04 Civ. 5238 (GEL), 2005 WL 1500896, *6-7 (S.D.N.Y. June 23, 2005) (granting defendant's motion to dismiss for lack of personal jurisdiction pursuant to New York's long-arm

statute where defendant operated an interactive website accessible by New York residents). The burden is on the plaintiff to make a prima facie showing of jurisdiction. This prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir.2010) (internal quotation marks omitted)).

Although the Court in *National Football League* found the defendant was subject to personal jurisdiction in New York, its conclusion was based on the facts the defendant profited from conduct in New York and damaged the plaintiffs in New York. Neither fact is present here. *National Football League, supra.*

Plaintiff's Complaint makes the basic assertion that 88 Acres transacts business in New York. (Complaint, at ¶ 8). However, the plaintiff makes no credible allegation that 88 Acres conducts commercial activity in the state aside from distributing products through retailers. The burden, at this stage of the litigation, is on the plaintiff to demonstrate that 88 Acres has conducted commercial activity in the state. Aside from a bald assertion by the plaintiff that a) "Defendant ensures the delivery of such goods throughout the United States, including New York State," and b) "Defendant operates and distributes its products throughout the United States, including New Year," there is no evidence or allegation that 88 Acres ever actually has directly transported their goods into the State of New York. (Complaint, at ¶ 21). It is axiomatic that the burden is on the plaintiff to demonstrate, with more than just an allegation, "that commercial activity in [the] state actually occurred or was actively sought." *Freeplay Music, Inc. v. Cox Radio, Inc.,* No. 04 Civ. 5238 (GEL), 2005 WL 1500896, *6-7 (S.D.N.Y. June 23, 2005). Here, the plaintiff has made no such showing.

As already established, 88 Acres merely owns and operates a website that may be accessed by New York residents. There is no allegation 88 Acres actually engaged in commercial activity with Romero. Further, Plaintiff does not allege 88 Acres committed a tortious act in New York or that 88 Acres personally injured Romano or his property in New York. In short, there is absolutely no basis for this Court to exercise personal jurisdiction over 88 Acres pursuant to New York's long-arm statute.

## 2. The exercise of jurisdiction over 88 Acres would not satisfy federal due process requirements.

Even assuming 88 Acres is subject to personal jurisdiction pursuant to New York's long-arm statute, exercising jurisdiction over 88 Acres in New York does not comport with the Due Process Clause. The analysis under the Due Process Clause requires "minimum contacts" between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–92, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980) (internal quotations omitted). Sufficient contacts exist when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* at 297, 100 S. Ct. 559. The defendant must have "purposefully availed itself of the privilege of conducting activities within the forum [s]tate," thus invoking the benefits and protections of the state's laws. *Id.; see also, Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985). As a Massachusetts corporation with no office or retail presence in New York, Romano cannot seriously argue 88 Acres could reasonably have anticipated being haled into a New York court.

Page 6

### a. New York cannot assert general jurisdiction over 88 Acres.

The minimum contacts necessary to satisfy due process form the basis for the exercise of either "general" or "specific" jurisdiction. *See, Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n.8, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984). A court may assert general personal jurisdiction over a foreign corporation to hear any and all claims against it when the foreign corporation's affiliation with the forum state is so continuous and systematic as to render the foreign corporation essentially "at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 187 L.Ed.2d 624 (2014). A corporation is considered "at home" in the state in which it is incorporated or where it has its principal place of business. *Id.* at 760.

Here, it is undisputed that 88 Acres is not "at home" in New York. Romano expressly alleges, correctly, that 88Acres is a Delaware corporation. (Complaint at ¶ 12.) 88 Acres' principal place of business is in Allston, Massachusetts. (Dalton Decl, ¶ 3.) Similarly, 88 Acres does not operate a brick and mortar store in New York. (Dalton Decl. ¶ 4.)

Consequently, pursuant to the Supreme Court's ruling in *Daimler*, New York cannot assert general jurisdiction over 88 Acres.

### b. New York cannot assert specific jurisdiction over 88 Acres.

The inquiry whether a forum state may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L.Ed.2d 790 (1984)(quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L.Ed.2d 683 (1977)). For a state to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state. *Walden v. Fiore*, 134 S. Ct. 1115, 1121–23, 188 L.Ed.2d 12 (2014).

First, the relationship must arise out of contacts that the "defendant *himself*" creates with the forum State. *Burger King,* 471 U.S. at 475; see also *Helicopteros Nacionales, supra,* 466 U.S. at 417 ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"). Second, the "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. See, *e.g., Int'l Shoe, supra,* 326 U.S. 310 at 319 (Due process "does not contemplate that a state may make binding a judgment *in personam* against an individual [...] with which the state has no contacts, ties, or relations").

### 3. Even if personal jurisdiction were established, Romero failed to allege that 88 Acres has a "storefront" presence that would provide a basis for an ADA claim

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Giammatteo v. Newton*, 452 Fed. App'x 24, 27 (2d Cir. 2011) (citing *Makarova v. United States*, 201 F.3d 110, 113). "In resolving a motion to dismiss for lack of subject matter jurisdiction, 'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.'" *Del-Orden v. Bonobos, Inc.*, 2017 WL 6547902, at *12 (S.D.N.Y. Dec. 20, 2017)(citing *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006).)

To state a claim under Title III of the ADA, a plaintiff must allege that (1) he is disabled within the meaning of the ADA; (2) defendants own, lease, or operate a place of public accommodation; and (3) defendants discriminated against him or her by denying a full and equal opportunity to enjoy the services defendants provide. *See* 42 U.S.C. § 12182(a); *Del-Orden,*

*supra,* 2017 WL 6547902, at \*12 (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)).

Romero failed to provide specific facts that defendant 88 Acres "owns, leases, or operates a place of public accommodation" in order to state an ADA claim against 88 Acres. Quite the contrary, 88 Acres only sells food products on the internet or through retail distribution channels. 88 Acres does not operate "bakery outlet stores" or any such places in New York. (Dalton Decl. ⁋ 4.)

Romero's Complaint is merely a conclusory pleading that does not comport with the federal pleading standards of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2007). Plaintiff's complaint should be dismissed for failing to state a cause of action without leave to amend.

## IV.   CONCLUSION

For all the foregoing reasons, the defendant, 88 Acres respectfully requests that Plaintiff's Complaint should be dismissed without leave to amend.

Respectfully submitted,

Dated: January 25, 2021

/s/ Nicholas Ranallo
Nicholas Ranallo
5058 57th Ave. South
Seattle, WA 98118
New York Bar No. 4620985

/s/ J. Curtis Edmondson
J. Curtis Edmondson
2660 SE 39th Loop, Unit D
Hillsboro, OR 97123
Oregon Bar No. 190536
Pro Hac Vice to be filed

*Attorneys for Defendant 88 Acres, Inc.*

Page Break

Page 9

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 25, 2021, a copy of the foregoing was filed and served via NYSD-ECF to the following:


Joseph H. Mizrahi, Esq.
COHEN & MIZRAHI LLP
300 Cadman Plaza West
12th Floor
Brooklyn, NY 11201
Joseph@cml.legal
Attorney for Plaintiff


By:  /s/ Nicholas Ranallo