**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOSUE ROMERO, on behalf of himself and
all others similarly situated,

                    Plaintiffs,

      v.

88 ACRES FOODS, INC.,

                  Defendant.

CASE NO.: 1:20-CV-09215-AJN

**PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO
DEFENDANT 88 ACRES FOODS,
INC.'S MOTION TO DISMISS**

## <u>**TABLE OF CONTENTS**</u>

<u>**Pages**</u>

I.     PRELIMINARY STATEMENT………………………………………… 1

II.    STATEMENT OF FACTS……………………………………………… 2

III.   LEGAL STANDARDS…..……………………………………………… 2

IV.    ARGUMENT…………………………………………………………… 4

       A. THIS COURT HAS THE REQUISITE PERSONAL JURISDICTION OVER
          DEFENDANT……………………………………………...……… 4

          1.  Defendant is Subject to the Personal Jurisdiction of this Court
              Under New York's Long Arm Statute………………………... 4

          2.  Personal Jurisdiction Over Defendant Will Not Offend Due
              Process…………………………………………………….…….... 8

V.     CONCLUSION……………………………………...……..………………… 11

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*ACCESS NOW, INC. V. SPORTSWEAR, INC.*
298 F. SUPP. 3D 296 (D. MASS. 2018) …………………..………………………… 9

*ALCON LABS., INC. V. ALLIED VISION GRP., INC.*
NO. 18-CV-02486-MKB
2018 U.S. DIST. LEXIS 219632 (E.D.N.Y. DEC. 22, 2018) ………………….…… 3

*BEST VAN LINES, INC. V. WALKER*
490 F.3D 239 (2D CIR. 2007) ………………………………………………………… 5

*CHLOE V. QUEEN BEE OF BEVERLY HILLS, LLC*
616 F.3D 158 (2D CIR. 2010) …………………................……………………… 4

*CITIGROUP, INC. V. CITY HOLDING CO.*
97 F. SUPP. 2D 549 (S.D.N.Y. 2000) ………………………………………………… 7

*D.H. BLAIR & CO. V. GOTTDIENER*
462 F.3D 95, 105 (2D CIR. 2006) …………………….………………………………… 8

*DIAZ V. KROGER CO.*
NO. 18-CV-7953-KPF
2019 U.S. DIST. LEXIS 93177 (S.D.N.Y. JUNE 4, 2019) …….….……………… 7

*DORCHESTER FIN. SEC., INC. V. BANCO BRJ, S.A.*
722 F.3D 81 (2D CIR. 2013)……………………………….…………………………… 3

*FAZE CLAN, INC. V. TENNEY*
NO. 19-CV-7200-JSR
2019 U.S. DIST. LEXIS 189617 (S.D.N.Y. OCT. 31, 2019) ………….…………… 3

*LICCI EX REL. LICCI V. LEBANESE CANADIAN BANK, SAL*
732 F.3D 161 (2D CIR. 2013) ……………………………………………....… 3

*MATTEL, INC. V. ADVENTURE APPAREL*
NO. 00-CV-4085 (RWS)
2001 U.S. DIST. LEXIS 3179 (S.D.N.Y. MAR. 22, 2001) ………………...……… 5

*McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*
323 F. Supp. 3d 488 (S.D.N.Y. 2018) ………….…………………………… 6,8

*Royalty Network, Inc. v. Dishant.com, LLC*
638 F. Supp. 2d 410, 418-19 (S.D.N.Y. 2009) …………….……………………… 7

*Shear Mobility, LLC v. Stoll*
No. 18-cv-00163-LJV-JJM
2018 U.S. Dist. LEXIS 175521 (W.D.N.Y. Oct. 10, 2018) ……………………… 7

*Sullivan v. Walker Constr., Inc.*
No. 18-cv-09870 (AJN)
2019 U.S. Dist. LEXIS 77113 (S.D.N.Y. May 7, 2019) …………..…………… 4

*Two's Co. v. Hudson*
No. 13-cv-3338-NSR
2014 U.S. Dist. LEXIS 30028 (S.D.N.Y. Mar. 6, 2014) …………….………… 6

*WowWee Grp. Ltd v. Meirly*
No. 18-CV-706 (AJN)
2019 U.S. Dist. LEXIS 51905 (S.D.N.Y. Mar. 27, 2019) ……………………… 7,8

**Statutes**

42 U.S.C. § 12181 *et seq.* ...................................................... 3

N.Y.C. Admin. Code § 8-101, *et seq.* ............................................. 3

N. Y. C.P.L.R. § 302(a)(1) ...................................................... 4

**Rules**

Fed. R. Civ. P.  12(b)(2) ........................................................ 3

Plaintiff Josue Romero ("Plaintiff"), on behalf of himself and all others similarly situated, respectfully submits this memorandum of law in opposition to the motion to dismiss (ECF No. 7, the "Motion to Dismiss") filed by 88 Acres Foods, Inc. ("Defendant").

## I.    PRELIMINARY STATEMENT

Defendant is in violation of the American with Disabilities Act of 1990 (the "ADA"), the New York State Human Rights Law (the "NYSHRL"), the New York State Civil Rights Law (the "NYSCRL"), and the New York City Human Rights Law (the "NYCHRL") because its website is plagued with access barriers that prevent blind and visually impaired persons from, *inter alia*, navigating the website and completing transactions.

In an attempt to obtain a dismissal of the class action complaint filed in this action (ECF No. 1, the "Complaint"), Defendant first argues that it is not subject to the personal jurisdiction of this Court, despite the fact that it uses its website to conduct business with consumers in the State of New York.  However, this argument is undermined by a strong line of precedential case law (including opinions issued by this Court) establishing that a company that maintains a website offering items for sale and delivery to New York residents is subject to specific personal jurisdiction under the New York long-arm statute. Accordingly, this Court has personal jurisdiction over Defendant in this action.  At the very least, Plaintiff should be permitted to take jurisdictional discovery regarding the extent of Defendant's New York business activities.

Next, Defendant seeks Rule 12(b)(6) dismissal by arguing that Defendant is not subject to the requirements of the ADA because it does not operate "bakery outlet stores" or similar physical facilities.  However, like in its first argument, Defendant fails to account for the well-established line of case law in both this District and under the Second Circuit (including opinions issued by

this Court) holding that a website is a place of public accommodation for purposes of the ADA, and that Defendant is therefore required to ensure that its website does not discriminate against the blind and visually impaired.

Accordingly, Defendant's Motion to Dismiss should respectfully be denied.

## II.     STATEMENT OF FACTS

Defendant is a Delaware Corporation that manufactures seed-based food and conducts business in the State of New York.  *See* Complaint at ¶¶ 12, 20.  Defendant conducts such business by way of its website www88acres.com (the "Website"), through which it offers its products for sale and delivery to throughout the United States, including to the State of New York.  *See* Complaint at ¶¶ 20-22.

As a visually impaired and legally blind person, Plaintiff is a member of a class protected by the ADA and its implementing regulations, as well as the NYSHRL, the NYSCRL, and the NYCHRL.  *See* Complaint at ¶ 11.   Defendant's Website is a public accommodation within the definition of Title III of the ADA.  *See* Complaint at ¶ 13.

Plaintiff used his screen-reading software to visit Defendant's Website in October 2020.  *See* Complaint at ¶¶ 24-25.  However, Plaintiff was faced with numerous access barriers that denied Plaintiff the full and equal enjoyment of the facilities, goods and services offered on the Website (the "Access Barriers").  *See* Complaint at ¶¶ 25-30.  These Access Barriers have denied Plaintiff the full access to purchase items on the Website available to sighted individuals, and the Access Barriers continue to deny Plaintiff such access, deterring Plaintiff on a regular basis from accessing the Website.  *See* Complaint at ¶¶ 32-33.

## III.     LEGAL STANDARD

In order to defeat a Fed. R. Civ. Pro. 12(b)(2) motion to dismiss, a plaintiff must

demonstrate a prima facie showing of personal jurisdiction over a defendant. *See FaZe Clan, Inc. v. Tenney*, No. 19-cv-7200-JSR, 2019 U.S. Dist. LEXIS 189617, at *10 (S.D.N.Y. Oct. 31, 2019) (*citing Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013)).  In addition, when considering a Rule 12(b)(2) motion to dismiss, the court must construe the pleadings and any supporting materials in the light most favorable to plaintiff.  *See Alcon Labs., Inc. v. Allied Vision Grp., Inc.*, No. 18-cv-02486-MKB, 2018 U.S. Dist. LEXIS 219632, at *7 (E.D.N.Y. Dec. 22, 2018) (*citing Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

In order to survive a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all of a complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *See Anderson v. Metro-North Commuter R.R. Co.*, No. 18-cv-6152-ER, 2019 U.S. Dist. LEXIS 69831, at *6 (S.D.N.Y. Apr. 24, 2019) (*citing Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Accordingly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and… determine whether they plausibly give rise to an entitlement of relief."  *Woods v. Maytag Co.*, 807 F. Supp. 2d 112, 118–19 (E.D.N.Y. 2011) (quoting *Ashcroft*, S. Ct. at 1950).

The question on a motion to dismiss is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.  *Longo v. Keybank Nat'l Ass'n*, 357 F. Supp. 3d 263, 269 (S.D.N.Y. 2019) (citations omitted).  Plaintiffs need only assert factual allegations sufficient "to raise a right to relief above the speculative level."  *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d. Cir. 2010); *see also Watts v. Jackson Hewitt*

3

*Tax Serv. Inc.*, 579 F. Supp. 2d 334, 343-44 (E.D.N.Y. Aug. 16, 2008) (quoting *Twombly*, 127 S. Ct. at 1955). Therefore, a motion to dismiss under Rule 12(b)(6) may be granted only if a court finds that Plaintiffs failed to set forth fair notice of what the claim is and the grounds upon which it rests. *See Twombly*, 127 S. Ct. at 1964. Motions to dismiss for failure to state a claim are "generally viewed with disfavor, and the standard for dismissal under Rule 12(b)(6) is quite narrow." *Jackson v. New York*, 381 F. Supp. 2d 80, 84 (N.D.N.Y 2005). Further, the Second Circuit cautions district courts from hastily dismissing complaints of civil rights violations, such as those alleged in the Complaint. *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001).

## IV.   ARGUMENT

### A.   DEFENDANT IS SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT

Seeking dismissal of the Complaint under Rule 12(b)(2), Defendant argues that it is not subject to the personal jurisdiction of this Court. However, Defendant's argument fails to account for the recent opinion that this Court issued in *Sullivan v. Walker Constr., Inc*. In that case, the plaintiff alleged that the defendant was in violation of the ADA and the NYCHRL, as the Defendant's website not accessible to the hearing impaired. *See Sullivan v. Walker Constr., Inc*., No. 18-cv-09870 (AJN), 2019 U.S. Dist. LEXIS 77113, *1-2 (S.D.N.Y. May 7, 2019) (Nathan, J.). In response to the defendant's motion to dismiss under Fed. R. Civ. Pro. 12(b)(2), this Court delineated the requisite analysis necessary to determine whether personal jurisdiction exists. This Court explained that a district court must first apply the long-arm statute of the forum state, and then analyze whether the exercise of that personal jurisdiction "comports with the Due Process Clause." *Id.* at *4-5 (*citing Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010)). The Court found that because the *Sullivan* complaint failed to properly allege that the

4

defendant transacted any business in New York, the plaintiff's allegations were insufficient to establish personal jurisdiction over the defendant. *Id*. at \*7.

Here, the Complaint in this case explicitly alleges that Defendant transacts business in New York. *See* Complaint at ¶¶ 12, 20-22. Accordingly, and unlike the case in *Sullivan*, Defendant is subject to the personal jurisdiction of this Court under New York's long arm statute, and the exercise of such personal jurisdiction comports with the Due Process Clause.

> 1. Because Defendant Conducts Business with New York Residents Via its Website, Defendant is Subject to the Personal Jurisdiction of this Court Under New York's Long Arm Statute

Pursuant to New York's long arm statute, a court may exercise specific personal jurisdiction over a "non-domiciliary who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." *See* N. Y. C.P.L.R. § 302(a)(1). This applies to defendants who, "[u]nder the totality of circumstances, 'purposefully avail themselves of the privilege of conducting activities within New York, thus invoking the benefits and protections of its law.'" *Sullivan*, No. 18-cv-09870 (AJN), 2019 U.S. Dist. LEXIS 77113, \*5 (*citing Mattel, Inc. v. Adventure Apparel*, No. 00-CV-4085 (RWS), 2001 U.S. Dist. LEXIS 3179, 2001 WL 286728, \*2 (S.D.N.Y. Mar. 22, 2001). In addition, "[t]here must be 'some articulable nexus between the business transacted and the cause of action sued upon.'" *Sullivan*, No. 18-cv-09870 (AJN), 2019 U.S. Dist. LEXIS 77113, \*5-6 (*citing Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007).

While this Court granted the defendant's motion to dismiss for a lack of personal jurisdiction in *Sullivan*, this Court made note of the fact that the *Sullivan* plaintiff did not allege the defendant transacted any business in New York, and the defendant affirmed that it did not conduct any business in New York. *See Sullivan*, No. 18-cv-09870 (AJN), 2019 U.S. Dist. LEXIS 77113,

at *7.  Based on this, this Court found that there was no personal jurisdiction over Defendant

pursuant to § 302(a)(1), as there was no allegations to serve as a basis to establish that the defendant

transacted business in New York.  *See id.*

In contrast to the case in *Sullivan*, the Complaint here explicitly alleges that Defendant

conducted and continues to conduct business in the State of New York via its Website.  *See, e.g.,*

Complaint at ¶¶ 12, 20-22.

Plaintiff's allegations are bolstered by the nature of Defendant's Website.  In assessing

whether a defendant transacted business in New York for purposes of the long arm statute on the

basis of internet contacts, courts in the Second Circuit have applied a sliding scale analysis of the

subject website's level of interactivity. *See, e.g.*, *Carson Optical, Inc. v. RQ Innovasion, Inc*., No.

16-CV-1157 (SIL), 2020 U.S. Dist. LEXIS 55223, at *7 (E.D.N.Y. Mar. 30, 2020); *see also*

*McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 494 (S.D.N.Y. 2018);

*Two's Co. v. Hudson*, No. 13-cv-3338-NSR, 2014 U.S. Dist. LEXIS 30028, at *10-12 (S.D.N.Y.

Mar. 6, 2014).

When websites are "fully interactive" and allow consumers in New York to purchase

products, "[s]uch websites are commercial and courts will generally confer jurisdiction over the

defendant based on the website." *Two's Co*., No. 13-cv-3338-NSR, 2014 U.S. Dist. LEXIS 30028,

at *12 (S.D.N.Y. Mar. 6, 2014). "[I]f a website is interactive and allows a buyer in New York to

submit an order online, courts typically find that the website operator is 'transacting business' in

New York and is therefore subject to the court's jurisdiction." *Carson Optical, Inc.,* No. 16-CV-

1157 (SIL), 2020 U.S. Dist. LEXIS 55223, at *7-8*; McGraw-Hill Glob. Educ. Holdings, LLC*, 323

F. Supp. 3d at 494 (holding same).  Further, "[w]here [a subject website] . . . purposefully directs

activity into a forum state--for example, by making sales of goods or services to New York

residents--those activities can be sufficient to trigger jurisdiction under section 302(a)(1)." *Royalty Network, Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 418-19 (S.D.N.Y. 2009); *see also Shear Mobility, LLC v. Stoll*, No. 18-cv-00163-LJV-JJM, 2018 U.S. Dist. LEXIS 175521, at *5 (W.D.N.Y. Oct. 10, 2018) (holding same); *compare with Diaz v. Kroger Co.*, No. 18-cv-7953-KPF, 2019 U.S. Dist. LEXIS 93177 (S.D.N.Y. June 4, 2019) (granting a motion to dismiss for lack of personal jurisdiction after concluding that delivery of goods purchased on the website was not available to New York).

This analysis was also firmly established by this very Court.  As noted by this Court in *WowWee Grp. Ltd v. Meirly*, "[t]he case law has stopped short of requiring additional conduct beyond maintaining an interactive website that offers products to consumers [in order to confer personal jurisdiction]."  No. 18-CV-706 (AJN), 2019 U.S. Dist. LEXIS 51905, at *10 (S.D.N.Y. Mar. 27, 2019) (Nathan, J.).  In completing its analysis, this Court cited to *Citigroup, Inc. v. City Holding Co.*, wherein the district court "went so far as to conclude that the [defendant] business's activity over the Internet, which consisted of posting information about products, taking applications, and providing email and live chat responses to customers, 'conferred personal jurisdiction under CPLR § 302(a)(1),'—and remarked only that the other activities served to 'bolster' its jurisdictional finding."  *Id.* (*citing Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555-56 (S.D.N.Y. 2000).

As alleged in the Complaint in this action, Defendant's Website is highly interactive, as it allows for residents in New York to purchase items for shipment to New York.  The Complaint further alleges that Defendant has conducted business with residents in New York via the Website.  Based on the nature of the Website and the allegations concerning Defendant's business conducted through the Website, this Court has the sufficient basis to confer specific personal jurisdiction

under New York's long arm statue. *See also McGraw-Hill Glob. Educ. Holdings, LLC*, 323 F. Supp. 3d at 494 (holding "[b]ecause [d]efendants' website is interactive and allows a buyer in New York to submit an order online, [p]laintiffs have established this Court's personal jurisdiction over Defendants pursuant to N.Y. CPLR § 302(a)(1)") (citations omitted).

2.   Personal Jurisdiction Over Defendant Will Not Offend Due Process

Defendant argues that the extension of personal jurisdiction over Defendant in this case does not comport with the Due Process Clause, arguing that "[a]s a Massachusetts corporation with no office or retail presence in New York, [Plaintiff] cannot seriously argue 88 Acres could reasonably have anticipated being haled into a New York court." Motion to Dismiss at ¶6.

This is incorrect. "Due process requires certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. This standard is satisfied without further inquiry by state long-arm statutes, like Section 302 [*i.e.*, the New York long arm statute], that permit the exercise of jurisdiction in a narrower range of circumstances than the Due Process Clause." *WowWee Grp. Ltd.*, No. 18-CV-706 (AJN), 2019 U.S. Dist. LEXIS 51905, at *11 (citations omitted) (Nathan, J.); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006) ("[t]he constitutional requirements of personal jurisdiction are satisfied because application of N.Y. C.P.L.R. § 302(a) meets due process requirements"); *McGraw-Hill Glob. Educ. Holdings, LLC*, 323 F. Supp. at 495 (S.D.N.Y. 2018) (concluding application of New York's long arm statute is consistent with the limits of due process). Accordingly, because specific personal jurisdiction over Defendant exists pursuant to New York's long arm statute (*see supra* at pp. _-__), the application of such personal jurisdiction comports with the Due Process Clause.

While Defendant argues "[t]here is no allegation 88 Acres actually engaged in commercial

activity with [Plaintiff]" (Motion to Dismiss at 6), this very issue rests at the heart of Plaintiff's claim, as Plaintiff has alleged that ***he could not engage in commercial activity with Defendant because of the Access Barriers on Defendant's Website***.   Because Defendant has failed to make its Website accessible, and it is because of such failure that Plaintiff was prevented from completing a transaction on the Website while in the forum, Plaintiff's injury arises directly from Defendant's use of transacting business by way of its Website.   *See, e.g., Access Now, Inc. v. Sportswear, Inc.*, 298 F. Supp. 3d 296, 301 (D. Mass. 2018) (finding that, where (i) the plaintiff alleged that the defendant's website limited accessibility to consumers who suffer from visual impairments, and (ii) the plaintiff alleged that he attempted to access the website with the use of his screen reader from the subject forum, "[b]ecause [the plaintiff's] denial of access to [the defendant's] website occurred in the forum, the injury arises from [the defendant's] transaction of business through its website in [the forum]").   Accordingly, there is a direct nexus between Defendant's operation of its Website directed towards, *inter alia*, New York residents and the cause of action sued upon.   Accordingly, specific personal jurisdiction over Defendant will not offend due process.

   3.   <u>If the Court Is Not Inclined to Exercise Personal Jurisdiction, It Should Permit Limited Jurisdictional Discovery into Defendant's New York Contacts to Avoid Undue Prejudice</u>

"It is well settled under Second Circuit law that, even where plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." *Ikeda v. J. Sisters 57, Inc.*, 2015 WL 4096255, at *8 (S.D.N.Y. July 6, 2015); *See also Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 2006 WL 708470, at *6 (S.D.N.Y. Mar. 20, 2006) ("Jurisdictional discovery 'should be granted where

pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'"). When a defendant challenges a plaintiff's prima facie showing of personal jurisdiction, "a district court has broad discretion to permit the plaintiff to conduct jurisdictional discovery." *Tese-Milner v. De Beers Centenary A.G.*, 613 F. Supp. 2d 404, 417 (S.D.N.Y. 2009); *see also Tex. Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 F. App'x 738, 739 (2d Cir. 2002). That discretion is properly exercised where, as here, Plaintiff has made a "sufficient start" towards establishing personal jurisdiction." *See Uebler v. Boss Media, AB*, 363 F. Supp. 2d 499, 507 (E.D.N.Y. 2005); *see also Goldfarb v. Channel One Russ.*, No. 18-CV-8128 (VEC), 2020 U.S. Dist. LEXIS 37907, at *10 n.8 (S.D.N.Y. Mar. 4, 2020) (holding same); *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017) (holding same).

For these reasons, should this Court not be inclined to exercise personal jurisdiction over Defendant, Plaintiff respectfully requests leave to conduct limited jurisdictional discovery into Defendant's suit-related contacts with New York State, including the extent of Defendant's use of its Website to conduct business in New York. Such jurisdictional discovery is likely to produce evidence of Defendant's proactive attempts at conducting business with New York residents, thus establishing sufficient grounds for personal jurisdiction against Defendant. *See In re ALB-GOLD Teigwaren GmbH*, No. 19-mc-1166 (MKB) (ST), 2019 U.S. Dist. LEXIS 148595, at *18 (E.D.N.Y. Aug. 30, 2019) (granting jurisdictional discovery where colorable basis for jurisdiction existed).

**B.    DEFENDANT'S WEBSITE IS SUBJECT TO THE REQUIREMENTS OF THE ADA**

Lastly, Defendant seeks dismissal under Rule 12(b)(6), asserting that Plaintiff "[f]ailed to provide specific facts that [Defendant] 'owns, leases, or operates a place of public accommodation.'"  Motion to Dismiss at p. 9.

Once again, Defendant fails to account for an established line of caselaw in this District and in the Second Circuit (including caselaw issued by this Court) explicitly finding that a website is a place of public accommodation subject to the requirements of the ADA. *See, e.g., Dominguez v. N.Y. Equestrian Ctr., Ltd.,* No. 18-cv-9799 (AJN), 2020 U.S. Dist. LEXIS 179258, at *5 (S.D.N.Y. Sep. 28, 2020) (Nathan, J.) (finding that "[the defendant's] website is a place of accommodation" subject to the ADA); *see also Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077 (JPO), 2019 U.S. Dist. LEXIS 220080, at *5 (S.D.N.Y. Dec. 19, 2019) (finding same); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) ("It is unambiguous that under Title III of the ADA, [the defendant's website] is a place of public accommodation"). Accordingly, Defendant's Website is undoubtedly a place of public accommodation subject to the requirements of the ADA.

## V.      CONCLUSION

For the reasons set forth, the Court should respectfully deny Defendant's Motion to Dismiss in its entirety.


Dated:      Brooklyn, New York
            February 5, 2021
                                                **COHEN & MIZRAHI LLP**

                                                By: */s/ Joseph H. Mizrahi*
                                                Joseph H. Mizrahi, Esq.
                                                Joseph@cml.legal
                                                300 Cadman Plaza West, 12th Fl.
                                                Brooklyn, New York 11201
                                                Tel: (929) 575-4175
                                                Fax: (929) 575-4195

                                                *Attorneys For Plaintiff*

11