UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| JOSUE ROMERO, on behalf of himself | : | 1:**20-CV-09215(AJN)** |
| and others similarly situated | : | |
| Plaintiff, | : | Reply in Support |
| -against- | : | of Motion to Dismiss |
| | : | |
| 88 Acres Foods, Inc. | : | Hon. Allison J Nathan |
| Defendant | : | |

-----------------------------------------------------------------x

Defendant 88 Acres Foods, Inc. ("88 Acres") replies to Plaintiff Josue Romero's ("Romero") Opposition (Dckt 12) for lack of personal jurisdiction and for failing to state a cause of action under the federal pleading standards of *Twombly/Iqbal*.

I.  **SUMMARY OF THE REPLY**

Romero has failed to cite to the decisions in this Court dismissing similar cases for lack of personal jurisdiction.  These local cases provide context, but our Supreme Court has decided the that personal jurisdiction can only be found under *International Shoe vs. State of Washington*, 326 U.S. 310 (1945) hereinafter "*I-Shoe*".

But the Second Circuit has recently stated that jurisdiction cannot be asserted over Dunkin Brands, Inc (aka Dunkin Donuts) in New York even though they were registered as a foreign corporation within New York. *Chufen Chen v. Dunkin' Brands, Inc.,* 954 F.3d 492,499 (2nd Cir. 2020).  Under *Chufen Chen*, any application of New York's long arm statute must comport with our Supreme Court's holding in *Daimler AG v. Bauman*, 571 U.S. 117,139 (2014), which held that even if a party has a large number of commercial transactions in the state, those transactions themselves do not necessarily result in personal jurisdiction.   Also, the mere sale of products in another state does not establish specific jurisdiction. See *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 877 (2011) ("…Constitution commands restraint before discarding liberty in the name of expediency.")

Next, Romero asks for jurisdictional discovery.  This is unnecessary and inequitable. Romero has the option of filing suit in Massachusetts and engaging in regular discovery. Jurisdictional discovery will not change the fundamental fact that all 88 Acres has is a web presence in New York.

Romero may take issue with 88 Acres website, and Mr. Romero still has a forum for that relief, which is in Massachusetts.   88 Acres respectfully asks that this Court dismiss this case for lack of jurisdiction.

### III. REPLY ARGUMENT

A. <u>Romero's Reliance on *Sullivan v. Walker Constr., Inc.*, No. 18-cv-09870 (AJN), 2019 U.S. Dist. LEXIS 77113 and *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010) does not comport with the specific jurisdiction requirement of *J. McIntyre Mach., Ltd.*</u>

Romero attempts to distinguish the transactional analysis regarding this Court's holding in *Sullivan* to overcome a lack of personal jurisdiction by relying on *WowWee Grp. Ltd v. Meirly*, *WowWee Grp. Ltd.*, No. 18-CV-706 (AJN), 2019 U.S. Dist. LEXIS 51905. (Opposition at 8.) Plaintiff's main argument is that 88 Acres interactive website should establish jurisdiction under *Chloe* and this Court should follow its reasoning in *WowWee Grp Ltd.*

*Chloe* is distinguishable based on precedent and on the facts. First, *Chloe* was decided before the Supreme Court's holding in *J. McIntyre Mach,* which held that mere sale of products in other states does not result in personal jurisdiction. Also, *WowWee Grp Ltd.* was decided based on a default judgment, so no argument was made regarding dismissal for lack of personal jurisdiction.

*Chloe* and *WowWee* are also distinguishable based on the facts. In both cases the issue was counterfeiting of goods and the counterfeit goods were sold and shipped to New York. The goods themselves were infringing and cause economic harm to competitive businesses in New York. In short, a sale of a counterfeit product in New York displaced a sale of a legitimate product by a New York based retailer, causing the economic harm.

Here the facts are different. The alleged tort is the website, not the product. Romero does not allege that the nut-based products do not comport with the ADA requirements, instead he alleges the website does not meet his needs. (See Complaint), As been held in numerous circuits, websites are just virtual extensions of the equivalent physical locations (e.g. storefronts, if they

Page 2

exist). See the ADA analysis in *Andrews v. Blick Art Materials, LLC,* 268 F.Supp.3d 381, 389-390 (E.D. N.Y. 2017). Romero has not alleged that 88 Acres has a physical storefront in New York and Romero has not alleged that 88 Acres operates a retail storefront in Massachusetts. Instead Romero's allegations are purely for website violations. Surfing a website from New York is factually distinguishable from a vendor selling an infringing product into New York and the courts in this District support this view.

> B. The Court's in this district do not assert jurisdiction of ADA website violations by the mere marketing of food products for sale on their website.

There are a number of cases that hold that marketing products or services on a website accessible by New York residents does not result in jurisdiction for an ADA violation. In *Guglielmo v. Nebraska Furniture Mart, Inc*. 2020 US Dist. LEXIS 238707 (S.D.N.Y. Dec. 18, 2020) this District considered nearly identical facts as the instant case: whether a nonconforming website maintained by a manufacturer in Nebraska would subject to it personal jurisdiction. The Court in *Guglielmo* dismissed the case for lack of personal jurisdiction holding.

The court in *Guglielmo* relied on *Diaz* v. *Kroger Co*., No. 18 Civ. 7953 (KPF), 2019 WL 2357531, (S.D.N.Y. June 4, 2019) which declined to exercise jurisdiction over a grocery store that had no retail facilities in New York. The court also relied on *Mercer* v. *Rampart Hotel Ventures*, *LLC*, No. 19 Civ. 3551 (PAE), 2020 WL 882007, at *5-6 (S.D.N.Y. Feb. 24, 2020) in which this district lacked personal jurisdiction under the ADA for a New Orleans hotel that operated a non-compliant website.

88 Acres product marketing on their website, coupled with the lack of a physical store presence makes dismissal more appropriate in view of *Guglielmo, Diaz, and Mercer.* In all of these cases the entities' connections were remote and further the entities themselves did not

specifically target the New York market.  Romero has provided no evidence that 88 Acres treats New York residents any different than residents in Alaska, Hawaii, or Texas in the sale of their products.

### C. Jurisdictional Discovery is not equitable when Romero has the option of filing suit in Massachusetts.

Jurisdictional discovery is necessary when there are significant facts in dispute.  88 Acres has not alleged any specific facts that discovery would lead to any admissible evidence that would tip the jurisdictional balance.  88 Acres does not dispute that product has been sold in New York, but 88 Acres has sold product all across the United States.  This is a testament to their success in the marketplace, but not a basis for jurisdition, as our Court held in *Daimler*.

Ultimately, since Romero can seek a remedy in Massachusetts, which is very close to New York, then equity dictates that that court be in charge of the discovery process.  Limited discovery here will only further increase costs, which does nothing to help any small business comply with the ADA.

88 Acres requests that this Court deny Romero's request for jurisdictional discovery.

### IV.   CONCLUSION

For all the foregoing reasons, the defendant, 88 Acres respectfully requests that Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

Respectfully submitted,

Dated:  February 12, 2021

/s/ Nicholas Ranallo
Nicholas Ranallo, Attorney at Law
5058 57th Ave. South
Seattle, WA 98118
New York Bar No. 4620985
nick@ranallolawoffice.com

*Attorneys for Defendant 88 Acres, Inc.*

## CERTIFICATE OF SERVICE

      This is to certify that on February 12, 2021, a copy of the foregoing was filed and served via NYSD-ECF to the following:

Joseph H. Mizrahi, Esq.
COHEN & MIZRAHI LLP
300 Cadman Plaza West
12th Floor
Brooklyn, NY 11201
Joseph@cml.legal
Attorney for Plaintiff

                                         By: /s/ Nicholas Ranallo